**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

AMERICAN COKE AND COAL CHEMICALS
INSTITUTE and COKE OVEN
ENVIRONMENTAL TASK FORCE,

    Petitioners,

        v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY and MICHAEL S. REGAN,
ADMINISTRATOR, U.S. ENVIRONMENTAL
PROTECTION AGENCY,

    Respondents.
_____

Case No. 24-1287
(consolidated with
Nos. 24-1288, 24-1290)

**NON-BINDING STATEMENT OF ISSUES BY PETITIONERS
AMERICAN COKE AND COAL CHEMICALS INSTITUTE AND THE
COKE OVEN ENVIRONMENTAL TASK FORCE**

Pursuant to this Court's Order of August 30, 2024 and subsequent consolidation orders, Petitioners American Coke and Coal Chemicals Institute (ACCCI) and the Coke Oven Environmental Task Force (COETF) hereby submit the following non-binding statement of issues in these consolidated cases challenging the final rule of the U.S. Environmental Protection Agency (EPA) entitled "National Emission Standards for Hazardous Air Pollutants for Coke Ovens: Pushing, Quenching, and Battery Stacks, and Coke Oven Batteries;

Residual Risk and Technology Review, and Periodic Technology Review," 89 Fed. Reg. 55684-55757 (July 5, 2024) (the "Coke Rule").

1. Whether the emission limitations, work practice standards, and other requirements established by EPA under Clean Air Act (CAA) §§ 112(d)(2)-(3), 42 U.S.C. §§ 7412(d)(2)-(3), and § 112(d)(6), 42 U.S.C. § 7412(d)(6), are contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

2. Whether EPA's failure to consider all relevant factors, including residual risk to public health and the environment, cost, and cost effectiveness, when making a determination whether to revise standards "as necessary" under CAA § 112(d)(6), 42 U.S.C. § 7412(d)(6), is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

3. Whether, when imposing new regulatory requirements, EPA's failure to consider its determination that the source category presents low risk, with an ample margin of safety, to public health and the environment is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

4. Whether EPA's promulgating standards that are not based upon the average "emission limitation" achieved by the best performing similar sources as required

under CAA § 112(d)(3), 42 U.S.C. §§ 7412(d)(3), is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

5. Whether EPA's failure to consider and use sufficient and reliable data to establish standards that are achieved by the best performing similar sources is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

6. Whether EPA's promulgating standards that are technically unachievable and economically infeasible because the standards fail to account for raw material and process variability that are inherent to coke production facilities is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

7. Whether EPA's basing emission limitations on unsupported assumptions about the achievability of such standards and the technical feasibility of emission controls that have never been demonstrated for any cokemaking facility worldwide is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

8. Whether EPA's failure to provide for site-specific alternative standards for facilities which demonstrate that the emission limitations are impractical to achieve

is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

9. Whether EPA's revisions to the limits for leaking coke oven doors, lids, and offtakes under CAA § 112(d)(6), 42 U.S.C. § 7412(d)(6), without identifying any development in practices, processes, or control technology is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

10. Whether EPA's subcategorization of facilities based on coke production capacity for purposes of standards for leaking coke oven doors, lids, and offtakes is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

11. Whether EPA's imposition of fenceline monitoring, reporting, and corrective action requirements under CAA § 112(d)(6), 42 U.S.C. § 7412(d)(6), without identifying any development in practices, processes, or control technology is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

12. Whether EPA's imposition of fenceline monitoring, reporting, and corrective action requirements based on claimed authority under CAA § 114, 42

U.S.C. § 7414, is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

13. Whether EPA's fenceline benzene concentration action level is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

14. Whether EPA's failure to continue using the existing opacity standards for battery stacks as a surrogate for Hazardous Air Pollutant (HAP) metals in particulate matter emissions is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

15. Whether errors in EPA's upper prediction limit (UPL) calculations are contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

16. Whether EPA's failure to use a health-based emission limit for hydrochloric acid is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

17. Whether EPA's approach to regulating HAP emissions during startup, shutdown, and malfunction (SSM) periods and failure to adopt work practice standards for SSM periods is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

18. Whether EPA's imposition of compliance deadlines that cannot be met is contrary to statutory authority, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

19. Whether EPA's failure to provide adequate notice and a reasonable time period for comment on the proposed Coke Rule is contrary to the CAA, the Administrative Procedure Act, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

20. Whether EPA's failure to respond, or to respond adequately, to significant factual and legal, comments, and criticisms raised during the rulemaking is contrary to the CAA, the Administrative Procedure Act, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

This statement is preliminary, and Petitioners reserve the right to amend or supplement the aforementioned issues.

Dated: September 30, 2024

Respectfully submitted,

 /s/  Jeffrey A. Knight
Jeffrey A. Knight
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 Seventeenth Street, NW
Washington, DC 20036-3006
(202) 663-9152
jeffrey.knight@pillsburylaw.com

*Counsel for ACCCI and the COETF*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2024 I electronically filed the foregoing with the Clerk of the Court using the Case Management/Electronic Case File (CM/ECF) system. I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: September 30, 2024

Respectfully submitted,

 /s/ Jeffrey A. Knight  
Jeffrey A. Knight