IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| GASP, CLEAN AIR COUNCIL, HOOSIER ENVIRONMENTAL COUNCIL, JUST TRANSITION NORTHWEST INDIANA, PANIC, PENNFUTURE, and SIERRA CLUB,<br><br>*Petitioners*,<br><br>v.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY and MICHAEL S. REGAN, Administrator, U.S. Environmental Protection Agency,<br><br>*Respondents*. | Case No. 24-1290 (consolidated with 24-1287, 24-1288) |

**PETITIONERS' NON-BINDING STATEMENT OF ISSUES TO BE RAISED**

As directed by this Court's September 4, 2024 order, Petitioners GASP, Clean Air Council, Hoosier Environmental Council, Just Transition Northwest Indiana, PANIC, PennFuture, and Sierra Club submit this non-binding Statement of Issues to be Raised in their challenge to EPA's final rule entitled National Emission Standards for Hazardous Air Pollutants for Coke Ovens: Pushing,

Quenching, and Battery Stacks, and Coke Oven Batteries; Residual Risk and Technology Review, and Periodic Technology Review," which was published in the Federal Register at 89 Fed. Reg. 55,684 (July 5, 2024).

1. EPA was required to set limits for emissions of previously unregulated hazardous air pollutants under 42 U.S.C. 7412(d)(2)-(3). *See Louisiana Environmental Action Network, v. EPA*, 955 F.3d 1088 (D.C. Cir. 2020). Whether EPA violated the Clean Air Act and acted arbitrarily and capriciously by:

   a. failing to set limits for all previously unregulated hazardous air pollutants; and

   b. setting limits that were insufficiently stringent.

2. EPA was required to "review, and revise as necessary (taking into account developments in practices, processes, and control technologies)" existing emissions standards. 42 U.S.C. § 7412(d)(6). Whether EPA violated the Clean Air Act and acted arbitrarily and capriciously when it reviewed existing standards but did not:

   a. examine a standard requiring the use of variable pressure control technology for by-product coke ovens;

   b. consider relevant factors to establish a standard requiring more frequent reporting of fenceline monitoring results;

c. examine relevant data nor include a satisfactory explanation for not including a 1-hour standard for battery stack emissions; and

   d. examine relevant data nor include a satisfactory explanation for not including an opacity limit for soaking emissions.

3. For each source category or subcategory, EPA was required to promulgate additional standards "if promulgation of such standards is required in order to provide an ample margin of safety to protect public health." 42 U.S.C § 7412(f)(2). Whether EPA violated the Clean Air Act and acted arbitrarily and capriciously by failing to determine whether additional standards were "required in order to provide an ample margin of safety to protect public health" for the Coke Oven Batteries Category?

DATED: October 4, 2024

Respectfully submitted,

/s/ *Tosh Sagar*
Tosh Sagar
Adrienne Y. Lee
Earthjustice
1001 G Street, NW, Suite 1000
Washington, DC 20001
(202) 667-4500
tsagar@earthjustice.org
alee@earthjustice.org

*Counsel for GASP, Hoosier Environmental Council, Just Transition Northwest Indiana, PennFuture, and Sierra Club*

/s/ *Haley Lewis*
Haley Lewis
Environmental Integrity Project
888 17th Street NW, Suite 810
Washington, D.C. 20006
(202) 263-4449
hlewis@environmentalintegrity.org
Patton Dycus
Environmental Integrity Project
919 Millworks Way
Bozeman, MT 59715
(404) 446-6661
pdycus@environmentalintegrity.org

*Counsel for Clean Air Council and PANIC*

# CERTIFICATE OF SERVICE

I certify that on October 4, 2024, I served the foregoing on all registered counsel through the court's electronic filing system (ECF).

*/s/ Tosh Sagar*
Tosh Sagar
