# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 24-1287**                                **September Term, 2024**

EPA-89FR55684

Filed On: December 2, 2024

American Coke and Coal Chemicals Institute
and Coke Oven Environmental Task Force,

        Petitioners

        v.

Environmental Protection Agency and
Michael S. Regan, Administrator, U.S.
Environmental Protection Agency,

        Respondents

------------------------------

Clean Air Council, et al.,
        Intervenors

------------------------------

Consolidated with 24-1288, 24-1290

    **BEFORE:**    Wilkins, Pan, and Garcia, Circuit Judges

## O R D E R

    Upon consideration of the motion for leave to intervene filed by the Revise As Necessary Coalition, the opposition thereto, and the reply; and the motions for stay, the response in support of those motions, the oppositions to those motions, and the replies, it is

    **ORDERED** that the motion for leave to intervene be denied. The Revise As Necessary Coalition's interests in this litigation are adequately represented by existing parties. See United States v. All Assets Held at Credit Suisse (Guernsey) Ltd., 45 F.4th 426, 432 (D.C. Cir. 2022). It is

**FURTHER ORDERED** that the Revise As Necessary Coalition be permitted to participate as amicus curiae. It is

**FURTHER ORDERED** that the motions for stay be denied. Petitioners have not satisfied the stringent requirements for a stay pending court review. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2021). It is

**FURTHER ORDERED**, on the court's own motion, that the parties submit, within 30 days from the date of this order, proposed formats and schedules for the briefing of these cases. The parties are strongly urged to submit a joint proposal and are reminded that the court looks with extreme disfavor on repetitious submissions and will, where appropriate, require a joint brief of aligned parties with total words not to exceed the standard allotment for a single brief. Whether the parties are aligned or have disparate interests, they must provide *detailed* justifications for any request to file separate briefs or to exceed in the aggregate the standard word allotment. Requests to exceed the standard word allotment must specify the word allotment necessary for each issue.

**Per Curiam**

                                       **FOR THE COURT:**
                                       Mark J. Langer, Clerk

                    BY:    /s/
                            Selena R. Gancasz
                            Deputy Clerk