**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN COKE AND COAL CHEMICALS INSTITUTE, *et al.*, <br><br> *Petitioners*, <br><br> v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY, *et al.*, <br><br> *Respondents*, | Case No. 24-1287 <br> (consolidated with <br> Nos. 24-1288, 24-1290) |

**EPA'S RESPONSE TO COKE OVEN COMMUNITIES'
MOTION TO GOVERN FURTHER PROCEEDINGS**

EPA opposes the Coke Oven Communities' motion to govern. Communities Mot., Doc. No. 2130400. While the Coke Oven Communities renew their request to lift the abeyance and proceed with briefing their petition for review, the facts have not substantially changed since this Court initially denied their request. Doc. No. 2111581 (granting abeyance upon consideration of EPA's reconsideration of the Coke Ovens Rule and intention to take final action by June 2026). Their renewed request should be denied again.

The facts here continue to heavily weigh in favor of abeyance. When determining whether to hold a case in abeyance, this Court considers whether an

abeyance promotes judicial economy and, if the abeyance is opposed, whether doing so would impose any alleged hardship on the opposing party. *Utah v. EPA*, No. 23-1157, 2025 WL 1354371, *2 (D.C. Cir. May 2, 2025).

An abeyance of all challenges to the Coke Ovens Rule promotes judicial economy for the reasons provided in EPA's motion to govern. EPA Mot. ¶¶ 5-7, Doc. No. 2130292. The Coke Oven Communities' reliance (at 9) on *Utility Solid Waste Activities Group v. EPA*, No. 15-1219 (D.C. Cir.) is inapposite. In *Utility Solid Waste*, EPA sought an abeyance to reconsider the underlying rule *after* the parties had fully briefed the issues and within one month of oral argument. *See* EPA Abeyance Reply at 6, *Util. Solid Waste*, Doc. No. 1694445 (Sept. 25, 2017) (acknowledging "any inconvenience to the Court and the parties resulting from the filing of its motion one month prior to oral argument"). Further, EPA informed the Court that it anticipated proposing a rule by September 2018 and taking final action by December 2019, more than two years after deciding to reconsider the rule. EPA Status Report at 7, *Util. Solid Waste*, Doc. No. 1704590 (Nov. 15, 2017). This Court denied EPA's abeyance request, held oral argument, and issued an opinion on August 21, 2018—before EPA's anticipated date for proposing a rule on reconsideration. *Util. Solid Waste*, 901 F.3d 414 (D.C. Cir. 2018).

Conversely, here, briefing has not started, EPA anticipates taking final action by June 2026 (ten months from now), and the Coke Oven Communities' petition for review is unlikely to be resolved before EPA reconsiders the Coke Ovens Rule. *See* EPA Mot. ¶ 7. And given that EPA intends to reconsider at least one of the issues the Coke Oven Communities plan to raise in their brief, and they will have opportunity to comment on the proposed rule, an abeyance here is appropriate. *See id.* ¶¶ 5-6. EPA's reconsideration "might obviate the need for [the Court's] review and avoid the unnecessary expenditure of judicial resources in a matter of immense complexity." *Utah*, 2025 WL 1354371, at *3.

The Coke Oven Communities wrongly assume that EPA will not meet its June 2026 target. As an initial matter, the Court should not credit the Coke Oven Communities' speculation that EPA will not meet its June 2026 target. *See* Communities Mot. at 6. Further, Coke Oven Communities are wrong that an interim final rule, which extends the Coke Oven Rule's compliance deadline to July 2027, discourages EPA from meeting its June 2026 target. *Id.* In promulgating the Coke Ovens Rule, EPA considered the time it would take for regulated entities to comply with each requirement and sought to set achievable compliance deadlines. 89 Fed. Reg. 55684, 55722/1-3 (July 5, 2024). For the emission standards subject to the interim final rule, EPA had set compliance

3

deadlines in the 2024 Rule for at least one year after the Rule's publication date. *See id.* at 55690/2. Thus, the interim final rule's extension of certain compliance deadlines to July 2027 does not mean that EPA lacks motivation to take final action by June 2026. *See* Communities Mot. at 6. In fact, the 2027 compliance date in the interim final rule aligns with EPA's anticipated final action date of June 2026, as it would provide regulated entities a year to meet any revised emission standards. Given that EPA anticipates taking final action by June 2026, that reconsideration will address at least one issue that the Coke Oven Communities intend to raise, and that briefing has not begun, an abeyance here would promote judicial economy.

Further, the Coke Oven Communities have not alleged any hardship from holding their case in abeyance. *Utah*, 2025 WL 1354371, at *2 (recognizing that it may be inappropriate to hold a case in abeyance to conserve judicial resources if a party may face immediate and significant hardship); *see generally* Communities Mot. Indeed, as EPA noted in its initial motion, EPA's reconsideration is likely to be finalized before this case is resolved.

In sum, the facts set forth above weigh heavily in favor of holding this consolidated matter in abeyance. EPA respectfully requests that the Court continue to hold this matter in abeyance until June 30, 2026, with EPA to provide

4

90-day status reports and with motions to govern due at the end of that period. *Utah*, 2025 WL 1354371, at *3 ("[A] longer abeyance, coupled with periodic status reports, nay be justified if an agency has committed to reconsidering a challenged rule.").

August 25, 2025                                    Respectfully submitted,

                                                                 ADAM R.F. GUSTAFSON
                                                                 *Acting Assistant Attorney General*

| *Of Counsel:* | */s/ Jin Hyung Lee* |
| --- | --- |
| ERIKA GERSTENBERGER | DANIEL J. MARTIN |
| Office of the General Counsel | JIN HYUNG LEE |
| U.S. Environmental Protection Agency | Environmental Defense Section |
| Washington, D.C. | Environment and Natural Resources Division |
| | U.S. Department of Justice |
| | P.O. Box 7611 |
| | Washington, D.C. 20044 |
| | 202-598-7264 |
| | jin.hyung.lee@usdoj.gov |

# CERTIFICATES OF COMPLIANCE AND SERVICE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 852 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

I caused this motion to be served on all parties by filing it with the Court's CM/ECF system on August 25, 2025.

/s/ *Jin Hyung Lee*
JIN HYUNG LEE

Counsel for Respondents